R. L. STINSON AND EAST COAST LUMBER COMPANY, A COR-
PORATION, *Plaintiffs in Error*, v. JENNIE PREVATT, *De-
fendant in Error*.

Opinion filed October 10, 1922

Petition for rehearing denied November 22, 1922.

1. As a general rule under the principles of the common law an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime not a homicide, or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes and not to serve the interests of the employer.

2. By statute the liability of an employer for the wrongs of his employee while acting as such employee, is extended to cases where the wrongful act of the employee causes the death of a person.

3. Whether an employer is liable for the wrongful acts of his employee, should be determined by a fair consideration of the facts and circumstances of each case, guided by applicable provisions and principles of law.

4. When the liability of a principal and of its agent for a tort grows out of injury caused by the wrongful act of the agent committed in his capacity as agent of the principal, a joint action against the principal and agent is not improper when sustained by appropriate allegations.

5. When a declaration states a cause of action, surplus allegations not eliminated by appropriate motion may be disregarded.

6. Under the statute a corporation is made liable in damages for the death caused by the wrongful act of the agent, "acting in his capacity of agent of such corporation," although the wrongful act causing the death may "amount in law to a felony."

7. In an action for damages for wrongful death, where there is substantial evidence tending to show liability of the principal for the wrongful act of its agent in shooting and killing the decedent, it is for the jury to determine from the evidence under appropriate instructions from the court, whether the agent shot the decedent maliciously in pursuit of his own purpose, or whether the agent shot and killed the decedent while acting in his capacity as agent of the principal, to serve the interests of his employer. In the first case the principal would not be liable, but in the latter case the principal would be liable in compensatory damages under the statute.

8. In an action against a corporation and its agent to recover damages for a wrongful death caused by the shooting and killing of the decedent by an agent of the defendant corporation, where there is evidence legally sufficient to sustain a finding that the wrongful act of the agent was committed while "acting in his capacity of agent of the corporation," within the meaning of the statute, though the particular act was not authorized, and it does not clearly appear that the

14—Vol. 84.

fatal shooting was maliciously done by the agent for his own purposes, a verdict and judgment against the corporation and the agent consistent with the allegations of the declaration will not be disturbed.

9.   Where the charges of the court fairly presented a case to the jury and there is ample evidence to sustain the verdict which is not patently excessive in amount, and no material or harmful errors of law or procedure appear, the judgment will be affirmed.

A Writ of Error to the Circuit Court for Columbia County, M. F. Horne, Judge.

Affirmed.

R. T. Boozer and W. H. Boozer, for Plaintiff in Error;

Guy Gillen and Stafford Caldwell, for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment awarding $11,000.00 damages to Jennie Prevatt in an action brought by her under the statute, against R. L. Stinson and the East Coast Lumber Company, a corporation, for the death of plaintiff's husband, alleged to have been caused by the wrongful act of the defendant Stinson while acting in his capacity as agent of the defendant corporation.

As a general rule under the principles of the common law an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime not a homicide

or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes and not to serve the interests of the employer. See 6 Labatt's Master & Servant (2nd Ed.) Sections 2226, 2285, 2288, 2364, 2477. See also Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792. By statute the liability of an employer for the wrongs of his employee while acting as such employee, is extended to cases where the wrongful act of the employee causes the death of a person. Secs. 4960, 4961, Rev. Gen. Stats. 1920.

Whether an employer is liable for the wrongful acts of his employee, should be determined by a fair consideration of the facts and circumstances of each case, guided by applicable provisions and principles of law.

The statute provides that "whenever the death of any person in this State shall be caused by the wrongful act * * * of any agent of any corporation acting in his capacity as agent of such corporation and the act * * * is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action and to recover damages in respect thereof, then and in every such case * * * the corporation which would have been liable in damages if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony." Sec. 3145 Gen. Stats. 1908, Sec. 4960 Rev. Gen. Stats. 1920.

The action may be maintained by the widow of the person killed to recover "such damages as the party entitled to sue may have sustained by reason of the death

of the party killed." Sec. 3140 Gen. Stats. 1906, Sec. 4961 Rev. Gen. Stats. 1920.

The liability of a corporation in damages under the statute and the rule *respondeat superior* for a death of a person caused by the wrongful act of an agent of the corporation while acting within the scope of the authority conferred by the employer corporation, was recognized in Varnes v. Seaboard Air Line Ry. Co., 80 Fla. 624, 86 South. Rep. 433. But in that case the plaintiff wholly failed to prove the essential allegation that the death was caused by the employee "while acting within the scope of his authority" as such employee. See also Nolan v. Moore, 81 Fla. 600, 88 South. Rep. 601; Forsyth v. Perry, 5 Fla. 337; Kelly v. Wallace, 6 Fla. 690.

The third amended declaration contained four counts, one of which is as follows:

"For that heretofore, to wit: on the 15th day of April, 1917, the plaintiff was then the wife of James Prevatt, now deceased, then of Columbia County, Florida, and in life and and being, and the defendant, East Coast Lumber Company, a corporation, was a sawmill company and owned and operated a certain large plant for its business of sawing logs and manufacturing lumber and lumber products, together with other mills and appliances for the purpose of its business situated at Watertown, Columbia County, Florida, and also owned and operated a certain labor camp for the accommodation of its laborers at which was then encamped a large number of its laborers under contract and used by it for the purpose of procuring logs to be sawed into lumber at its said sawmill in said county, which was then in the particular aforesaid an incident of its said business, and the defendant, R. L. Stinson, was one of its agents and employees, used as such in its said busi-

ness as what is called a quarter boss at the said labor camp. That among his duties as such agent and employee at the said labor camp, was that of protecting the business and interests of his said employer from outside influences or interference, such as from persons going or being there to entice or hire away its said laborers located there, or being there and suspected of enticing or hiring its said laborers, and that said duties involved the arresting and taking into custody of persons at said samp enticing and hiring from it the laborers and employees at said camp of the defendant, . East Coast Lumber Comany, or being there suspected of so enticing or hiring away such laborers, for which purpose he was armed with deadly weapons with the sanction of his employer and he was then and there also with the sanction of the East Coast Lumber Company, in his said employment, acting without legal authority as a Deputy Sheriff of said county, but only for the purpose aforesaid and not as a public officer of the county, and that then and there, on or about the day and date aforesaid, the plaintiff's then said husband, James Prevatt, was at the said labor camp; that he was not enticing or hiring away its said laborers, but was suspected by and on the part of the defendants of being there so enticing or hiring away such laborers; and the defendant, R. L. Stinson, acting in his capacity as agent as aforesaid, with force and arms, then and there, believing and suspecting, but without sufficient. cause, and pretending that the said James Prevatt was interfering with the business or interests of his principal and employer, by enticing or hiring from it its said laborers then at said camp, and within the scope of his said Stinson's employment, unlawfully pretended and attempted to arrest the said James Prevatt, husband of the plaintiff as aforesaid, for his said principal and employer, and for the furtherance

of its said business, in preventing the alleged enticing of its said laborers, and in making the said arrest, by wrongful, oppressive, wanton and malicious act, shot off and discharged at, to and against the neck and body of the said James Prevatt, a certain deadly weapon, to wit: a pistol loaded with gunpowder and leaden balls, which he then and there had and held in his hands and therewith and thereby did strike said James Prevatt with one of the balls shot out of the said pistol and inflicted upon the neck and body of the said James Prevatt a mortal wound, and the said James Prevatt of and from said mortal wound, then and there languished until on or about the 19th day of April, 1917, and then died, being then and there killed in the manner and by the means aforesaid by the wrongful, oppressive, wanton, and malicious act and deed of the defendants aforesaid; and the plaintiff avers that the said wrongful acts of arrest and wounding would, if death had not ensued, have entitled the said James Prevatt to maintain an action for damages against the defendants for said injury. And the plaintiff avers that the defendant, the East Coast Lumber Company, ratified and approved the said act and conduct of the said agent and employee, R. L. Stinson; that the said James Prevatt was, prior to his death 27 years old and in sound health, and earning and capable of earning as much as $5.00 per day, and that, by the death of her said husband, James Prevatt, killed by wrongful act of the defendants aforesaid, the plaintiff has been deprived of the comfort, care, society, protection and support of her said husband, James Prevatt, to the plaintiff's damages in the sum of Fifteen Thousand Dollars.

"Wherefore the plaintiff sues the defendants and claims $50,000.00 damages."

A separate demurrer filed by the defendant company to the third amended declaration and each count thereof

challenges the right of the plaintiff to maintain this action against the company and Stinson jointly and also questions the sufficiency of the allegations of the declaration to charge the company with liability under the statute and the rule *respondeat superior.*

While the company and its agent Stinson may not under the allegations of the declaration be strictly joint tort feasors, yet the liability of each, if any, grows out of the injury caused by the alleged wrongful act of Stinson committed in his capacity as agent of the company; and because of the relation of master and servant a joint action for damages brought against them is not improper when sustained by appropriate allegations. See 18 R. C. L. 780.

The declaration in effect states facts showing the relation of master and servant between the defendants, and the duties of Stinson as agent of the defendant company, and alleges that ''R. L. Stinson, acting in his capacity as agent as aforesaid  *  *  *. and within the scope of his said Stinson's employment * * * and for the furtherance of'' the business of the employer company, did commit the wrongful act complained of to the stated injury of the plaintiff.

This sufficiently alleges a liability of the defendant company for compensatory damages under the statute; and other allegations specified by the demurrer, some of which go to the quantum, rather than to the right, of recovery, may be regarded as surplusage, they not being repugnant to the allegations showing liability and not having been eliminated by motions to strike or elucidate by motions for compulsory amendments under the statute, Section 2630 Revised General Statutes of 1920. See Camp v. Hall, supra; Hall v. Western Union Tel. Co., 59 Fla. 275, 51 South. Rep. 819; Hildreth v. Western Union Tel. Co., 56

Fla. 387, 47 .South. Rep. 820; Dorner v. Wilson & Toomer, decided last term.

Under the statute the corporation is made liable in damages for the death caused by the wrongful act of the agent, "acting in his capacity of agent .of such corporation," although the wrongful act causing the death may "amount in law .to a felony." See Gann v. Great Southern Lumber Co., 131 La. 400, 59 South. Rep. 830; Miller-Brent Lumber. Co. v. Stewart, 166 Ala. 657, 51 South. Rep. 943.

It was for the jury to determine from the evidence whether Stinson shot plaintiff's decedent maliciously in pursuit of his own purpose or whether Stinson committed the wrongful act while acting in his capacity as agent of the defendant corporation to serve the interests of his employer, though the act was not authorized by his employer. In the first case the defendant company would not be liable, but in the latter case it would be. See Sharp v. Erie R. Co., 184 N. Y. 100, 76 N. E. Rep. 923, 6 Ann. Cas. 250. See 10 A. L. R. 1087 for citations; 63 L. R. A. 257; Labatt's Master & Servant (2nd Ed.) Secs. 2226, 2285, 2288, 2364, 2477.

Stinson was employed as "quarter boss" at a sawmill camp where negroes were employed as laborers. Stinson's duties were "to see that the men did not stay up too late at night, and keep the white men out of the negro quarters after nine o'clock at night." "He had a right in the quarters in the day as well as the night, to see that there were no loafers there, and if so, why they did not go out." It was generally known that Stinson was armed when about his business as "quarter boss." One witness testified: "This shooting took place a little after dark, not very long· after dark, right near the commissary, on the railroad. I had been there just a very few minutes. We

had come down from the negro quarters from a cold drink stand. James Prevatt had been in the quarters with the crowd. Some of the other people in the crowd were my brothers, Syd and Morris, Mr. Luke Wiliams, Mr. Taylor, and I do not remember now who all were there. * * * A. Mr. Stinson was already there when I walked up there. Q. Did Mr. Prevatt join the crowd? A. Shortly afterwards, yes, sir. Q. When Prevatt came up, what was said by either one of the men, Prevatt or Stinson? A. Mr. Stinson told him that he would have to arrest him as he understood that he had been in the quarters, and Prevatt told him all right, and that he would go with him anywhere, and he told Mr. Williams to search him, and Mr. Williams said that he did not think that he had any right to do so, as he was from and lived in another county. Then he turned to me and told me to search him, and I told him that I did not want to have anything to do with it, and he told me to do so again, and I did. I felt all through his clothes, and he held his hands up, when I started to search him, and I did not find any gun on him. Then I stepped back one step and Jim dropped his hands, and when he did he was shot. Mr. Stinson shot him; three times; I heard three shots. Prevatt then fell. Stinson walked off right then.''

Another witness testified: Mr. Stinson told the decedent he would have to arrest him and after decedent had been searched by Stinson's direction, ''Mr. Stinson went to lay his hands on Jim, his left hand on him, and Jim said keep your hands off me, and no sooner the word was spoken when Stinson shot him three times.''

There is evidence to sustain a finding that the wrongful act of Stinson was committed while ''acting in his capacity of agent of the corporation,'' though the particular act was not authorized; and as it does not clearly appear that the act was maliciously done for Stinson's own purposes, the

evidence is legally sufficient to sustain a general verdict of liability of the defandant company on the allegations of the declaration under the statute. The charges of the court fairly stated the law applicable to the evidence under the issues made by the pleadings. Under the statute only compensatory damages are recoverable when liability appears. The amount awarded on the evidence showing liability and damages sustained by the plaintiff, apparently conforms to the statutory requirement; and as no material or harmful error of procedure appears, and there being nothing to indicate that the jury were not governed by the evidence in their finding, the judgment was properly rendered on the verdict against both defendants.

Affirmed.

BROWNE, C. J., AND WEST ,J., concur.

ELLIS, J., concurs in conclusion.

TAYLOR, J., dissents.

## On Petition for Rehearing.

PER CURIAM.—An unusually well prepared petition for rehearing has been filed herein. No one of the propositions stated in the petition was overlooked by the court. Every contention made for the plaintiffs in error was thoroughly considered.

The testimony as to the age of decedent referred to in the motion to strike it from the bill of exceptions was not considered as a portion of the evidence in the case. A witness for the plaintiff below testified without objection that "the life expectancy of a man twenty-seven years old"

is "thirty-seven and four tenths." This obviously had reference to the life expectancy in years of the man whose death gave rise to the cause of action, and the defendants below raised no objection to this testimony. Even without this quoted testimony, the damages awarded could not be regarded as excessive; and the testimony referred to would affect only the amount and not the right of recovery.

Though Stinson who killed the decedent "was acting as, claimed to be and was recognized as a deputy sheriff," the evidence showed that he was at the time of the killing in the employ of and "acting in his capacity as agent of," the co-defendant corporation, thereby making a jury question under proper instructions that were given as to the liability of the defendant corporation for the alleged wrongful death caused by Stinson.

The "possible effect" of conflicting competent testimony on the minds of the jury cannot be controlled by the court when no material error of law or procedure appears, and the verdict is supported by ample competent evidence.

Whether the defendant corporation could have ratified the alleged wrongful act of its agent Stinson, is immaterial when a ground of liability of the principal appears from the act of the agent while moving within the scope of his employment. An issue made as to such a ratification and evidence thereunder could not have harmed the defendant corporation.

Rehearing denied.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.

TAYLOR, J., dissents on the ground that the conclusion reached in the original opinion is wrong.