ESTELLE REECE, a widow, v. THEODORE EBERSBACH, CHARLES EBERSBACH and S. B. BRINSON, Individually and as Co-Partners doing business under the firm name and style of EBERSBACH CONSTRUCTION COMPANY.

9 So. (2nd) 805          June Term, 1942
September 28, 1942          Division A
Rehearing Denied October 21, 1942.

*Walter Warren,* for plaintiff in error.

*McKay, Macfarlane, Jackson & Ferguson* and *Mabry, Reaves, Carlton & White,* for defendants in error.

ADAMS, J.:

Plaintiff in error sued for the wrongful death of her husband. She alleged the killing of her husband by one M. R. Carn; that Carn was employed by defendant in error to recover over-payments to employees; that while discharging such employment he approached deceased and a controversy arose between Carn and deceased; thereupon Carn procured a pistol and pursued deceased into the woods and killed him.

Plaintiff in error relies on Stimson, et al., v. Prevatt, 84 Fla. 416, 94 So. 656, as authority for her cause of action. The gist of the opinion relied on is that part which is declarative of the common law; that a master is liable for the tortious act of his employee committed within the apparent scope of his employment. As pointed out in the opinion however, the determination of the question must turn upon the facts and circumstances of each case.

Plaintiff in error asserts that only by taking testimony can the facts and circumstances be known. Before thus proceeding it is incumbent upon plaintiff to allege a prima facie case. The fallacy of the declaration appears from failure to charge that defendant armed Carn or had any knowledge that he was so armed. It is not alleged that defendant instructed Carn to assault deceased or ratified his wrongful act. Admitting all allegations, she has not made a case under the principals of the Stinson case. There is abundant authority that the master's liability does not arise unless the tortious act was committed as an incident to the master's business and while acting within the range of employment, or that the master directed the wrongful act or ratified same

afterward. Matsude v. Hammond, 77 Wash. 120, 137 Pac. 328, 51 L.R.A. 920; Wells v. Henderson Land & Lumber Co., 200 Ala. 262, 76 So. 28; Ciarmataro v. Adams, 275 Mass. 521, 176 N. E. 610, 75 A.L.R. 1171.

An unlawful assault is not a necessary or usual method employed to collect money. See Collette v. Rebori, 107 Mo. APP. 711, 82 S.W. 552.

The judgment is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.