62 So.2d 904 (1953)
WEISS et al.
v.
JACOBSON.
Supreme Court of Florida, en Banc.
January 30, 1953.
Broad & Cassel, Miami Beach, for appellants.
Knight, Smith & Underwood, Miami, for appellee.
HOBSON, Chief Justice.
The facts which gave birth to, and allegedly furnish a sound predicate for, this litigation are truly novel; indeed, the reading of the original and amended complaints almost wafts one's imagination into the realm of fantasy. Be that as it may, the allegations of the complaints must be accepted as true because the learned Circuit *905 Judge, upon motion, dismissed each of them for failure to state a cause of action.
Appellant Bertha Weiss, allegedly a woman of over 70 years of age, was on or about February 20, 1951, a customer in a dress shop owned and operated by appellee. She was trying on a dress for the purpose of determining whether she would purchase said article of wearing apparel when, so it is alleged, a clerk and duly authorized employee of appellee Jacobson insisted that Mrs. Weiss move over in front of a mirror to better appraise the dress and its becomingness. Upon the refusal or at least reluctance of the customer to carry out this suggestion, the clerk, obviously a zealous saleslady, took Mrs. Weiss by the hand, according to the averments of the complaint, and, in an attempt forcibly to pull her toward the mirror, carelessly and negligently tripped or threw her reticent customer to the floor, causing the latter great physical injury, pain and suffering. The allegation is made that the proximate cause of the injury to appellant Bertha Weiss was the carelessness and negligence of the employee of appellee, while acting in the scope of her employment.
The learned Circuit Judge held that the original complaint as amended did not state a cause of action. He granted a motion to dismiss and entered final judgment. In his order denying a motion to vacate the final judgment of dismissal the trial judge determined that a proposed Second Amended Complaint was "legally insufficient to state a claim upon which relief could be granted."
Counsel for appellants take the position that this Court has adopted the generally accepted and prevailing view throughout the United States that under the doctrine of respondeat superior an employer is liable for injuries arising out of the negligent acts of his employee, if such acts were done within the scope of the employee's authority as such. They cite Orr v. Avon Florida Citrus Corporation, 130 Fla. 306, 177 So. 612; International Shoe Co. v. Hewitt, 123 Fla. 587, 167 So. 7, and rely confidently upon our opinion in Stinson v. Prevatt, 84 Fla. 416, 94 So. 656, 657. Counsel quote the following paragraph taken from the latter case:
"As a general rule under the principles of the common law an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime not a homicide or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer."
Counsel argue that the facts alleged in the original complaint as amended and in the Second Proposed Amended Complaint can not be construed in any way other than that the act of the employee which caused the injury was within the scope of her employment. They say that the employee was only attempting to sell Mrs. Weiss a dress which was what she was employed to do. They insist it is common knowledge that to convince a prospective purchaser  particularly a woman  to buy a piece of exterior wearing apparel, it is advantageous to let the purchaser see herself in a mirror after having donned such garment. They further contend that it is entirely appropriate for a saleslady to attempt to overcome what she deems to be sales resistance; that in doing so the clerk is assuredly furthering the purposes of her employer and the mere fact that she was negligent in carrying out her duty does not take her acts outside the scope of her employment.
Counsel for appellee insist that although the act of the clerk in forcibly pulling Mrs. Weiss and tripping or propelling her to the floor might have been incidental to her employment as a saleslady, it was not such an act as was calculated to serve the interests of her employer, nor was it directed to the object of her employment. On the *906 contrary, counsel believe it to be a matter of common experience that conduct of such character would be reasonably calculated to defeat rather than promote a sale. They argue that the saleslady was employed to sell dresses  not to offend, much less to "step aside" and injure, prospective customers and it cannot be said that the act of the saleslady admittedly done in the course of her employment, was also done with a view to the furtherance of her employer's business.
The motive of the clerk is not the sole test of the employer's liability. The true criterion is whether that which the clerk did was something her employment contemplated. Smothers v. Welch & Co. House Furnishing Co., 310 Mo. 144, 274 S.W. 678, 40 A.L.R. 1211. See also 114 A.L.R. 1034 and citations therein. This query can properly be resolved only at a trial upon the merits.
The modern trend with reference to the principles which inhere in the doctrine of respondeat superior is to lean toward an enlargement of the general rule as approved by this Court in Stinson v. Prevatt, supra. The current view which is consonant with our idea of substantial justice and to which, therefore, we subscribe, is expressed in 114 A.L.R. at page 1033:
"The majority of the well-reasoned decisions pointing out the farthest boundaries of the doctrine of respondeat superior have proceeded in accordance with the rule stated by Cooley, J., at an early stage in the development of modern views as to the liability of a master for the torts of his servant; `The liability of the master for intentional acts which constitute legal wrongs can only arise when that which is done is within the real or apparent scope of the master's business. It does not arise where the servant has stepped aside from his employment to commit a tort which the master neither directed in fact, nor could be supposed, from the nature of his employment, to have authorized or expected the servant to do * * *'." (Italics supplied)
It is true that there is no specific allegation to the effect that the employer knew of the saleslady's possible penchant for departing from usual and customary salesmanship methods. However, this is but another way of saying that this suit is not predicated upon the employer's failure to exercise ordinary care in employing a proper servant. It may also be true, as suggested by counsel for appellee, that the use of "strong arm measures" is not included in the necessary or usual modus operandi of clerks in a ladies dress shop. Nevertheless, whether "strong arm measures" were in fact used is a question for a jury to decide after determining from the testimony the true details of the unfortunate incident. Moreover, should a jury conclude that "strong arm measures" were used it would be faced with the further query whether in the use of such method of salesmanship the saleslady "stepped aside" from her "employment to commit a tort which the master neither directed in fact nor could be supposed, from the nature of his [her] employment, to have authorized or expected the servant to do * * *."
It is our conclusion that the questions: (1) whether the saleslady's action can be said to have been taken in furtherance of the employer's business; (2) whether the clerk departed or stepped aside from her employment to commit the wrongful act; (3) whether in fact such course was directed by her employer; or (4) whether it could be supposed from the nature of this saleslady's employment that appellee authorized or expected her so to act, are for a jury to determine upon a consideration of all the facts and circumstances surrounding the unusual incident which allegedly resulted in injury to Bertha Weiss. In other words, a jury should in this case determine whether the alleged carelessness and negligence of the employee of appellee while acting in the scope of her employment, was the proximate cause of injury to appellant.
The final judgment is reversed for further proceedings not inconsistent with this opinion.
*907 Reversed.
TERRELL, THOMAS, SEBRING, ROBERTS, MATHEWS and DREW, JJ., concur.