MATHEWS, Justice.
The appellant sued the appellees and alleged that one Bruñe while employed by and acting in behalf of the appellee, Household Finance Corporation, and in furtherance of the business of the said corporation, in the course of and within the scope of his authority, unlawfully, wilfully and wantonly, and without the appellant’s consent, entered into and upon the close of the appellant, and did go into her private dwelling thereat and did then and there in a loud, boisterous and offensive manner hurl violent threats, vituperative epithets and abuse upon the appellant.
In its answer the appellee corporation said that if such acts took place “this Defendant specifically repudiates said actions and says that if a trespass was committed, the Defendant * * * Bruñe * * * was not acting in behalf of this Defendant or in the furtherance of the business of this Defendant, or within the scope of 'his authority as an employee of Defendant Corporation”.
In due course the appellee, corporation moved for a summary judgment and attached thereto an affidavit from Hall, the manager, to the effect that Bruñe was never authorized to commit a trespass, or to use violent and abusive language in the course of his employment and he did not have any implied authority to commit a trespass or use violent and abusive language.
Testimony was taken of Martha Fouts, plaintiff-appellant, and of Bruñe, defendant-appellee.
Martha Fouts testified that she resided at 553 N. W. 29th Street, Miami, which is a four apartment structure, and that her apartment was a downstairs unit; that on the date in question Bruñe came into her apartment living room in an effort to collect a debt of the appellee corporation from Mrs. Ingrado, a third person. She (Martha Fouts) asked him why “don’t you get out of here?”, and he stated that as long as Mrs. Ingrado was there, “I am not budg *773 ing”. Upon a threat to call police Bruñe left the apartment, and immediately thereafter appeared at the kitchen window and started hollering through the window at Mrs. Ingrado that he was going to make her miserable whether or not he collected the debt and in a loud voice told Mrs. In-grado that she was a prostitute, bum and dead beat, and then attempted to get in the back kitchen door. Mrs. Fouts then went out to get a policeman at which time Bruñe left. The testimony disclosed that the boisterous and offensive manner of Bruñe was such as to carry the impression to the neighborhood that Mrs. Fouts was being assailed as the object of Brune’s abuses, and caused her humiliation and embarrassment and mental and physical distress.
The testimony of Bruñe was that he was an employee of the defendant-corporation and had been since September 9, 1951, except for a short time in 1952; that he was an employee on this occasion and acted under the direction of one John Hall.
It further appears from the testimony that Bruñe was told by Hall to proceed in any manner he could to collect the debts due or to procure the debtor to a telephone to converse with Mr. Hall or someone else as manager or assistant. The testimony was that Hall told Bruñe, “I don’t care what you do, go back and get her to the phone and if you can’t do this job you should be a carpenter”. Bruñe was also told by the manager, “God damn it, Mr. Bruñe, you go back there and don’t tell me she wouldn’t go. You go back there and get her to the telephone. I want her. It was our money. You get her to the telephone. I don’t care what you do but get her to the telephone.” It was after this conversation and after these instructions were given that Bruñe went to the back kitchen window and did the hollering. Bruñe did testify that he did not use any foul language. It further developed that Bruñe was frequently advised to go outside and scream “pay your bills” and things of that sort, and knock on the door.
The. affidavits and depositions showing the above testimony and conflicts was before the Court on the motion for summary judgment, and based thereon, the Court entered a summary judgment in favor of Household Finance Corporation, the defendant-appellee. It is from this summary judgment that the appeal was taken.
The law is well settled in this state that if there is no genuine issue as to any material fact, a summary judgment is proper. On the other hand, if there is a genuine issue as to a material fact, then the case should be submitted to a jury. Williams v. City of Lake City, Fla., 62 So.2d 732; Wilson v. Lee Memorial Hospital, Fla., 65 So.2d 40; Amderson v. Maddox, Fla., 65 So.2d 299; Wilson v. Bachrach, Fla., 65 So.2d 546.
Under the circumstances shown in this case, the instructions hereinabove quoted given by the manager to Bruñe contradicted the conclusion in the affidavit of Hall that Bruñe was “never authorized to commit a trespass or use violent and abusive language in the course of his employment”. Admittedly, he was the collector and he received instructions from the manager to get Mrs. Ingrado to the telephone with the statement, “I don’t care what you do, go back and get her to the phone”. What Bruñe did in an attempt to get her to the phone he did as a collector for the defendant-corporation and under positive instructions. Different men may .draw dif-, ferent inferences and conclusions from such instructions but when Bruñe was a collector and told to collect the debt and further told to get the debtor to the phone and the manager did not care what he did, is certainly subject to the conclusion or inference that the collection of the debt or getting the debtor to the telephone was the primary duty of Bruñe and that he must perform that duty irrespective of the consequences. Compare C. I. T. Corporation v. Brewer, 146 Fla. 247, 200 So. 910, and Weiss v. Jacobson, Fla., 62 So.2d 904.
It appears from the record in this case that-there were genuine issues of material facts which should have been submitted to the jury. It was for the jury to *774 determine whether or not Bruñe committed the alleged acts and, if he did, were they taken in furtherance of the employer’s business or whether or not his acts were directed by his employer.
Reversed, with directions to set aside the judgment and proceed further in accordance with the views expressed in this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.