99 So.2d 279 (1957)
Lester DIEAS, Appellant,
v.
ASSOCIATES LOAN COMPANY, a corporation, Appellee.
Supreme Court of Florida.
December 18, 1957.
Clarence M. Wood and Luke G. Galant, Jacksonville, for appellant.
John M. McNatt, Jacksonville, for appellee.
DREW, Justice.
This is an appeal from a summary judgment in favor of the defendant in an action to recover damages for an alleged tort committed by an agent of the defendant upon the plaintiff. The complaint alleges, inter alia, that the defendant loan company, through its servant and employee, did unlawfully, wilfully and maliciously break and enter the front door of the plaintiff's residence, damaging the latch thereto and pulling it completely off and away from the door frame; that after such breaking and entering the agent of said defendant did unlawfully, wilfully and maliciously shake plaintiff severely by laying hands upon him, thereby awakening him from sleep, as a result of which he, the said plaintiff, was grievously startled, placed in fear of bodily harm and physically injured. It was further alleged in the complaint that the said agent was then and there upon the plaintiff's premises in furtherance of defendant's *280 business in that his duties included the collections of monies for and on behalf of the defendant loan company and that said agent was at the time of the acts aforesaid attempting to collect money due the defendant by the plaintiff arising from a loan that defendant had made to the plaintiff in the normal course of business. The declaration claimed compensatory and punitive damages.
After a motion to dismiss the complaint had been denied, the defendant answered, admitting that the duties of the said agent included the collection of monies for the defendant and that, at the time mentioned in the complaint, the plaintiff's delinquent account had been assigned to the agent for adjustment, but denied the other allegations of the complaint. A second defense was interposed that "the said [agent] was not authorized by the defendant to break and enter the residence of the plaintiff or to lay hands upon the plaintiff or to commit any trespass or do any unlawful act in connection with the collection of said account." A motion to strike the second defense was made and denied. Interrogatories were propounded to the defendant and depositions were taken of the plaintiff and of the agent of the defendant. Thereafter defendant's motion for summary judgment on the interrogatories, depositions and pleadings was granted and summary judgment entered by the court.
The depositions and interrogatories establish that the agent of the defendant loan company was assigned the delinquent account of the plaintiff for adjustment, and that he was upon the premises of the plaintiff at the time alleged in the complaint for the purpose of effecting an adjustment thereof. There is some dispute in the record as to the force used in effecting the entry, but there is no question that the agent of the defendant loan company unlawfully entered the premises, committed the trespass referred to and assaulted the plaintiff. In his deposition, the agent of the loan company testified as follows:
"Q. Were you there at the time and place to make collection of the account, or a payment or payments on the loan delinquency of Mr. Dieas? A. It was not for the purpose of collecting the debt as I have stated to you before; my purpose in being there was to get an adjustment, and by an adjustment we mean some definite arrangement with the customer as to how he is going to pay and when he is going to pay.
"Q. What I meant was this. Were you there for any personal reason of your own? A. No, sir, it was for business reasons, not personal.
"Q. And it was business of the Associates Loan Company"? A. Yes, sir, that is correct."
Many cases have attacked the troublesome proposition of the liability of a master for the torts committed by his servant.[1] In Weiss v. Jacobson, Fla. 1953, 62 So.2d 904, 906, the trial court dismissed the complaint for failure to state a cause of action, where plaintiff charged the employer with liability for an alleged negligent tort committed upon her person by the employer's dress clerk. We reversed, stating that in determining the master's liability the "true criterion is whether that which the clerk did was something her employment contemplated" and not solely a question of the clerk's motive.[2] We further held that in the case then before us the above "query can properly be resolved only at a trial upon the merits." As in many other cases that have been before us on the subject of a master's liability for the torts of his servant, a party in the Weiss case relied upon the often-quoted opinion of Stinson v. Prevatt, 1922, 84 Fla. 416, 94 So. 656, 657, that the employer is liable if the wrongful act is done while the employee is acting within *281 the scope of his apparent authority even though the act "was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer," unless the act was done to accomplish his own purposes as distinct from the employer's business. Much of the difficulty which has been encountered in these cases has arisen out of the generalizations made in the Stinson case. In applying these generalizations in Reece v. Ebersbach, 1942, 152 Fla. 763, 9 So.2d 805, 806, we said: "The determination of the question must turn upon the facts and circumstances of each case." We then proceeded to hold that the servant's discharge of a pistol bullet into a debtor was "not a necessary or usual method employed to collect money", and therefore no cause of action was stated against the master for this act of his servant. In applying the facts and circumstances of each case to the rule established in the Stinson case some discrepancies appear. These, we think, are more apparent than real and are brought about by the particular facts in the case. Obviously because of these apparent inconsistencies we review the situation in Weiss v. Jacobson, supra [62 So.2d 904], and there said:
"The modern trend with reference to the principles which inhere in the doctrine of respondeat superior is to lean toward an enlargement of the general rule as approved by this Court in Stinson v. Prevatt, supra. The current view which is consonant with our idea of substantial justice and to which, therefore, we subscribe, is expressed in 114 A.L.R. at page 1033:
"`* * * "The liability of the master for intentional acts which constitute legal wrongs can only arise when that which is done is within the real or apparent scope of the master's business. It does not arise where the servant has stepped aside from his employment to commit a tort which the master neither directed in fact, nor could be supposed, from the nature of his employment, to have authorized or expected the servant to do * * *."' (Italics supplied.)"
Measured by the above rule, we think the trial court erred in granting the motion for summary judgment. It is undisputed in the record that throughout the series of events which form the basis of the action, the agent was engaged in the performance of the duties of his employment. He was not at the time engaged in any act for his own benefit or to accomplish his own purpose. The issue of whether the employer "could be supposed from the nature of [the agent's] employment to have authorized or expected the servant to do" the things which form the basis of this cause of action, should have been submitted to a jury for determination. On this latter point, in a case where a similar situation appeared, we said:
"It appears from the record in this case that there were genuine issues of material fact which should have been submitted to the jury. It was for the jury to determine whether or not Brune committed the alleged acts and, if he did, were they taken in furtherance of the employer's business or whether or not his acts were directed by his employer." Fouts v. Household Finance Corporation, Fla. 1954, 75 So.2d 772, 773.
Also see, Weiss v. Jacobson, supra.
One of the points raised in this appeal is the correctness of the order of the lower court overruling the motion to dismiss the second defense. Under the authority of Weiss v. Jacobson, supra, we think the court was correct in holding that the second defense was proper. This, however, does not dispose of the case. While the defendant could defend on the ground that he did not authorize his agent to break and enter or lay hands upon the plaintiff directly, the question of whether or not he could be supposed from the nature of his employment to have expected *282 the servant to do so regardless of such instruction is a question for the jury to determine.
The cause is reversed with directions to set aside the summary judgment and for further proceedings in accordance with the views herein expressed.
TERRELL, C.J., and THOMAS, HOBSON and ROBERTS, JJ., concur.
NOTES
[1] See the annotations: 22 A.L.R.2d 1227; 34 A.L.R.2d 372.
[2] A more complete presentation of the test occurs later in this opinion.