110 So.2d 478 (1959)
Hattie M. LOCKHART, as administratrix of the Estate of Judge L. Lockhart, Appellant,
v.
FRIENDLY FINANCE CO., Appellee.
No. A-375.
District Court of Appeal of Florida. First District.
February 10, 1959.
Rehearing Denied March 3, 1959.
*479 Hall, Hartwell & Douglass, Tallahassee, and Will O. Murrell, Jr., Jacksonville, for appellant.
Bertram R. Coleman, Tallahassee, Robert E. Hucker and Loftin & Wahl, Jacksonville, for appellee.
WIGGINTON, Judge.
Plaintiff has appealed from an order setting aside a verdict in his favor, and granting a new trial. The reason assigned for granting the new trial was the court's action in directing a verdict in plaintiff's favor on the issue of liability at the close of all the evidence. Plaintiff died during the pendency of this appeal, and his administratrix has been substituted as party appellant.
The facts as established by the evidence are not in dispute. Plaintiff had purchased from a third party a television receiving instrument on which defendant held an unrecorded chattel mortgage. Although plaintiff knew that there had been some problem concerning the receiver, it is not established that he knew that it was encumbered by an outstanding lien, or that defendant had any interest therein. At defendant's request plaintiff called at defendant's office and was advised that defendant held a lien against the receiver. An oral arrangement was worked out between the parties whereby plaintiff agreed to pay defendant the sum of $100 at the rate of $15 per week.
On the day in question, plaintiff having failed to make any payments as agreed, defendant dispatched its agent to plaintiff's home for the purpose of adjusting the account or seizing the receiver. The agent was told by plaintiff's children that their father had taken their mother to see a doctor, and requested that he return later. The agent returned to plaintiff's home that night, accompanied by two men described as detectives. Plaintiff was outside of his home engaged in conversation with two other men when the agent arrived. The agent stated that he had come for the television receiver, emphasizing the purpose of his mission with profanity. Plaintiff requested the agent not to enter his home for the reason that his wife was sick and nervous. Despite this admonition the agent entered plaintiff's home, removed a small radio and lamp which were on top of the receiver, throwing them to the floor and breaking them. He picked up the receiver and table on which it was placed, carried them out of the home to his automobile, and delivered them to defendant. On his way out of plaintiff's home the agent slammed and broke the glass installed in the front door. Defendant accepted the fruits of its agent's efforts by retaining the receiver to and including the date of trial.
On his direct examination defendant's manager testified that he had instructed his agent to go out to plaintiff's house and take possession of the television receiver. On cross examination he further admitted that he told his representative to go to plaintiff's house and take possession of "our security". In again speaking of the receiver the manager testified "I told him to go to the residence and get it."
Based upon the foregoing evidence the trial court granted plaintiff's motion for *480 a directed verdict on the issue of liability, and submitted the case to the jury only on the issue of damages.
We are now called upon to determine whether the undisputed facts recited above, construed in a light most favorable to the defendant, were reasonably susceptible of but the single conclusion that defendant was liable as a matter of law.
The problem here presented has been passed upon by our Supreme Court on many occasions. Basically it has been held that the determination of this question must turn upon the facts and circumstances of each case.[1]
Actions for trespass committed by an agent are based upon the doctrine of respondeat superior. The master's liability does not arise unless the tortious act was committed as an incident to the master's business and while acting within the range of employment, or that the master directed the wrongful act or ratified it afterwards.[2] The test of liability is whether the act constituting the trespass was within the general scope of the servant's employment while engaged in the employer's business, and was done with the view of furthering that business.[3]
The latest decisions on this subject have followed the modern view that the liability of the master for intentional acts which constitute legal wrongs can only arise when that which is done is within the real or apparent scope of the master's business. It does not arise where the servant has stepped aside from his employment to commit a tort which the master neither directed in fact nor could be supposed, from the nature of his employment, to have authorized or expected the servant to do.[4]
It is appellee's contention that the issues of whether its agent's act of trespass was committed within the real or apparent scope of defendant's business; whether the agent stepped aside from his employment to commit the act complained of; and whether defendant directed or could be supposed to have authorized or expected the agent to commit the tortious act, were all questions for the jury to determine. It is upon this premise that appellee insists the trial court committed error in directing a verdict on these issues in plaintiff's favor, and that the court's subsequent order granting a new trial because of such error is correct and should be sustained.
In support of its position appellee relies on the Fouts case,[5] in which our Supreme Court held that the question of the master's liability for the tortious act of its servant, as revealed by the facts in that case, was an issue of fact which could be resolved only by the jury, and not by the court. From the evidence and testimony submitted to the trial court on the hearing for summary judgment the Supreme Court found that the evidence on the crucial issues was of such conflicting character that it created genuine issues of material facts. Upon these conclusions the summary judgment entered in defendant's favor was reversed and the cause remanded for trial.
Appellee further relies upon the Dieas case, supra, in which an identical legal and factual situation existed as was present in the Fouts case, and again our Supreme Court reversed a summary judgment in favor of defendant and held that because of the conflicting evidence there *481 was created a genuine issue of material fact which should be submitted to the jury.
In the case which we are now considering the evidence establishes without question that the act committed by defendant's agent constituted a trespass and was done within the real or apparent scope and in the furtherance of defendant's business. The only serious question with which we are concerned is whether defendant in fact directed or could be supposed for the nature of his employment to have authorized or expected the agent to commit the acts which form the basis of this action, or that it ratified the same. The manager's instruction to the agent to go to plaintiff's house and get the television receiver, knowing as he did that the agent was not then armed with judicial process entitling him to lawfully take the security claimed by defendant, is susceptible of but one reasonable interpretation. These instructions, unqualified as they were, contemplated that the agent would take such action as he deemed necessary in order to carry them out. That the agent did not misinterpret these instructions is evidenced by the fact that he reinforced himself with the assistance of two city detectives before arriving at plaintiff's home with the obvious intention of retaking the receiver by whatever means appeared necessary. Defendant's manager knew, or is presumed to have known, that television receivers are customarily, if not invariably kept inside people's homes, and cannot be seized by a lienor over the objection of the owner without the commission of a trespass. Defendant accepted and benefited from its agent's activities by retaining the receiver without offering to return it to its owner, knowing or being presumed to have known the manner in which possession of the instrument was obtained.
It is our view that the undisputed evidence established defendant's liability for the tortious act of its agent, and any contrary view that may have been taken by the jury could not have been sustained. There was no genuine issue of any material fact touching upon defendant's liability in this case, and the trial court was correct as a matter of law in directing a verdict in plaintiff's favor. It therefore follows that the court committed error by entering its order granting a new trial.
Appellee cross assigned as error the trial court's refusal to grant three particular grounds of its motion for new trial, in addition to the ground on which the order granting new trial was based. The statute[6] permitting an interlocutory appeal in a law action from an order granting a new trial requires the trial judge to state in his order the ground on which the new trial is granted, and provides that upon appeal from any such order no other grounds than those specified by the order of the trial judge shall be considered arguable upon the appeal. In construing this statute our Supreme Court has held that a trial court's refusal to grant particular grounds of a motion for new trial which was granted on other grounds, could not be made the subject of cross assignment of error, since such cross assignment goes beyond the limitations of the statute authorizing the appeal.[7] For the reasons stated the cross assignment of error was improper and will not be considered by us on this appeal.
The order granting a new trial is reversed and the cause remanded for the entry of an appropriate judgment in conformity with the verdict.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Reece v. Ebersbach, 152 Fla. 763, 9 So.2d 805; Dieas v. Associates Loan Company, Fla. 1957, 99 So.2d 279.
[2] Reece v. Ebersbach, supra, note 1.
[3] St. Petersburg Coca-Cola Bottling Co. v. Cuccinello, Fla. 1950, 44 So.2d 670; 35 Am.Jur., Master Servant, § 572.
[4] Weiss v. Jacobson, Fla. 1953, 62 So.2d 904. See: Dieas v. Associates Loan Company, supra, note 1.
[5] Fouts v. Household Finance Corporation, Fla. 1954, 75 So.2d 772.
[6] F.S. § 59.07(4), F.S.A.
[7] Leonetti v. Boone, Fla. 1954, 74 So.2d 551; Martin v. Meyer, Fla. 1953, 68 So.2d 597.