WIGGINTON, Chief Judge
(dissenting).
Defendant has appealed from an adverse judgment rendered in an action for trespass. In the first appearance of this case in this court[1] we summarized the facts shown by the evidence and held that the trial court ruled properly in directing a verdict in favor of the plaintiff on the issue of liability at the close of all the evidence. The trial court’s subsequent order granting a new trial on the assumption he acted erroneously in directing the verdict for plaintiff was reversed.
Defendant has presented three points for our consideration. The appeal questions the correctness of the trial court’s ruling which excluded from evidence the deposition of defendant’s principal witness; the refusal of the court to give a charge on punitive damages as requested by defendant; and, the excessiveness of the verdict.
The complaint filed in the cause claims compensatory and punitive damages resulting from a trespass committed by defendant’s employee and agent, one Edward K. Davis. Approximately nine months in advance of the trial date plaintiff took Davis’ deposition for the purpose of discovery. In response to questions propounded to him the witness related in detail the events and surrounding circumstances which constituted the alleged trespass. Needless to say, the testimony of this witness tended to justify his actions, and to prove that he had not committed the trespass as alleged in the complaint.
The only witness who was called and testified at the trial on behalf of defendant was its office manager. He was not present at plaintiff’s home at the time the alleged trespass was committed, but had certain knowledge of the business relationship which existed between plaintiff and defendant out of which the cause of action arose. He testified that the witness Davis left defendant’s employment within two weeks after his deposition was taken, and that he had no knowledge as to where the witness was at the time of trial. He testified that after the case was set for trial he was informed by defendant’s attorney that it was necessary to locate Davis in order to procure his attendance at the trial, and he spent parts of three or four days between that date and the trial in attempting to locate the witness. He further testified that he inquired of the company for whom Davis went to work after leaving defendant’s employment, but found that the witness was no longer working there and was unable to get any information as to his present place of address. He testified that he consulted a close friend of the witness who was likewise without knowledge as to where Davis was living, and he instructed this friend to inquire at the home of Davis’ parents for the purpose of learning where the witness could be located. This was done, but the inquiry produced no fruitful results. Further inquiry was made of two of the witness’ creditors, but they likewise were unable to give any information as to where Davis could be reached. Plaintiff offered no proof in opposition to that adduced by defendant as to the latter’s inability to procure the witness’ attendance at the trial.
With the foregoing evidence as a predicate for its introduction, defendant offered in evidence the deposition given by Davis as proof in support' of the defense of general denial. Plaintiff objected to the introduction of the deposition on the general ground that the proper predicate had not been laid as required by the rules of procedure.[2] At the conclusion of the argu *457 ment on this objection, in the colloquy which ensued between the court and counsel the trial judge stated: “I have to hold in my opinion that I don’t think that it is shown that he was unable to procure the attendance of this witness. I should think he certainly would have gone and asked some of his family. He had some hearsay evidence which he could have relied on, but it is not very reliable and I think he could have asked his father and mother where he was. So, I will have to sustain the objection then to the deposition.”
We are here confronted with the situation wherein the only available proof in support of the defense interposed by defendant was the deposition of its former employee whose acts were alleged to constitute the trespass in issue. The court’s exclusion of the deposition from evidence deprived defendant of the only proof on which it was forced to rely in support of its defense. Having been deprived of the use of such evidence, defendant was compelled to submit to a directed verdict against it on the issue of liability.
The rule of civil procedure cited above permits the deposition of a witness to be introduced in evidence against any party who was present or represented at or had due notice of the taking of the deposition, if the court finds that the party offering the deposition has been unable to procure the attendance of the witness at the trial. It is the trial judge who must determine in the first instance whether the party offering the deposition has been unable to procure the attendance of the witness. Such rulings of a trial judge will not be disturbed in the absence of a showing of abuse. The problem confronting this court is whether, under the facts in this record, the trial judge abused his discretion in excluding the deposition from evidence.
Rules of procedure confer no substantive rights upon parties litigant. They are merely tools by the use of which a cause of action is brought to issue and tried. The purpose of formulating issues in a cause is to enable the court to adjudicate the rights of the parties in accordance with essential requirements of law and due process as guaranteed by the Constitution. Thus it is that the primary purpose of courts is to adjudicate the rights of parties on the issues made by the pleadings. The formulation of issues by the employment of rules of procedure is merely an incident, although a necessary one, to the primary justification for the court’s existence. It therefore follows that rules of procedure should not be so strictly construed or applied as to defeat the primary purpose for which courts are created. Strict construction and application is warranted only in those instances where to do otherwise would unduly prejudice the rights of an innocent party, or impede the orderly progress of the cause.
One of the prime elements of due process is the opportunity to be fully heard on the merits of the cause in accordance with accepted principles of law. This contemplates the right of a party to introduce all relevant, competent and material evidence which he may have that bears upon the issues made by the pleadings, whether that evidence be in the form of oral testimony or written testimony taken by deposition. The determination as to whether a party offering in evidence the deposition of an absent witness has been diligent in his effort to procure the witness’ attendance at the trial lies in the sound discretion of the court. Such discretion should be exer *458 cised to the end that the merits of the cause may be considered and passed upon by the court and the jury, unless to do so would unduly prejudice the rights of objecting parties or result substantially in a trial by depositions. Concededly a party must demonstrate reasonable diligence in his efforts to procure the attendance of an absent witness before that witness’ deposition may be received in evidence. The standard of diligence required should not be so high, however, as to require proof that every conceivable avenue of inquiry to reach the witness prior to trial was exhausted, or that every conceivable means of procuring the witness’ attendance at the trial was employed.
Rule 1.21(d) (3) of the Rules of Procedure in force in Florida which governs the question now under consideration was taken from Rule 26(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Federal court decisions interpreting the rule in question are therefore pertinent. The latter rule provides for the use of depositions where “the party offering the deposition has been unable to procure the attendance of the witness by subpoena.” It will be noted that the words “by subpoena” appearing in the federal rule were not included in the rule which was adopted and is in effect in Florida. From this we may conclude that although it is necessary in federal jurisdictions to show that a subpoena was issued for the absent witness before his deposition may be admissible on trial, there is no similar requirement in the rule governing practice in the courts of this state.
In the Yellow Cab Company case[3] the plaintiff offered in evidence a pretrial deposition taken of one of its witnesses. Defendant objected on the ground that there was no proof before the court that the witness was not within the court’s jurisdiction, or that plaintiff had been unable to procure the witness’ attendance at trial by subpoena. In response to this objection plaintiff’s counsel merely stated in open court that he had called the witness’ place of employment and was informed by the timekeeper that the witness was in New York City. The case was being tried in Philadelphia, Pennsylvania. Upon such informal showing by plaintiff’s counsel, and in the absence of any sworn proof regarding the inability of plaintiff to procure the witness’ attendance at trial by subpoena, the objection was overruled and the deposition admitted. On appeal the ruling of the trial court was affirmed by the Circuit Court of Appeals. This case demonstrates the liberality with which matters of this nature are handled by the federal courts in the administration of its rules of procedure. The trial judge was satisfied from the unsworn statement of counsel that the witness was not available for trial, and in the interest of justice the witness’ deposition was admitted in evidence on behalf of the plaintiff.
The diligence exercised by the plaintiff in the Yellow Cab Company case to procure the absent witness’ attendance at trial falls far short of the sworn proof offered by defendant in this case as to the diligence exercised by it.
It is my conclusion that the proof adduced by defendant showed reasonable diligence on its behalf to procure the attendance at the trial of its witness Davis. Upon the showing made the trial judge should have found as a matter of law that the requirements of the rule in question had been complied with, and admitted the deposition in evidence. His failure to do so constituted an abuse of discretion and resulted in harmful error for the commission of which the judgment appealed from should be reversed and the cause remanded for a new trial. The contrary holding of the majority makes the tools of our trade the master, and the substantive rights of the parties merely the servant, in the administration of justice under law. I must therefore respectfully dissent.

. Lockhart v. Friendly Finance Co., Fla. App.1959, 110 So.2d 478.

. Use of Depositions. “At the trial or upon the hearing of a motion or an in *457 terlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions: * * * S, The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * 4, that the party offering the depostion has been unable to procure the attendance of the witness; * * *” Rule 1.21(d) (3), F.R.C.P., 30 F.S.A.

. Frederick v. Yellow Cab Company of Philadelphia, 3 Cir., 200 F.2d 483.