218 So.2d 763 (1969)
Helen SODEN, Appellant,
v.
Sadie STARKMAN, Appellee.
Louis SODEN, Appellant,
v.
Sadie STARKMAN, Appellee.
Nos. 68-384, 68-385.
District Court of Appeal of Florida. Third District.
January 28, 1969.
Rehearing Denied February 25, 1969.
Paul Kwitney, Miami Beach, L.J. Cushman, Miami, for appellants.
High, Stack & Davis, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
These appeals are by the two defendants below from an adverse judgment, based on a jury verdict, in a personal injury action.
The appellant Louis Soden and his wife, the appellant Helen Soden, owned an apartment house as tenants by the entireties. The appellee Sadie Starkman, a woman 74 years of age, was a tenant *764 therein. Customarily Mrs. Soden performed functions at the premises in the nature of managerial duties, including the collection of some of the rents. On July 2 and again on July 3, 1967, Mrs. Soden requested the appellee to pay certain rent which was then due. On each of those occasions the appellee refused, on the ground that certain repairs promised by Mr. Soden had not yet been made. On July 5 Mr. Soden departed for New York on a ten day trip. On July 11 Mrs. Soden encountered the appellee in the patio of the apartment house, again asked for the rent and thereupon, wielding a broom, beat the appellee on the head and body, allegedly inflicting the injuries for which recovery was sought. Mrs. Soden denied striking the appellee, but the jury resolved conflicting evidence on that issue in favor of the plaintiff-appellee.
Trial of the cause resulted in a verdict in favor of the plaintiff Sadie Starkman for $15,000 compensatory damages against both Helen Soden and Louis Soden, and for $5,000 punitive damages against Helen Soden. Judgment was entered thereon.
On appeal No. 68-384 by Helen Soden, it is contended the verdict was excessive in that the amounts awarded for compensatory and punitive damages were unjustified and unsupported by the evidence. More specifically it is argued that the evidence shows that the complaints upon which the treating physicians based their diagnoses had existed prior to the time of the alleged injuries and were the result of high blood pressure and advanced age. Opposing that contention, counsel for the appellee contend there is evidence which shows that as a result of the beating the plaintiff-appellee suffered a postconcussion syndrome, permanent partial loss of vision, vascular insufficiency, continuing headaches, weakness, dizziness and severe depression. On review of the record we do not find that the verdict is without adequate evidentiary support. It was within the province of the jury to resolve any conflicts in the evidence relating to the nature and extent of the appellee's injuries and as to their proximate cause. Whereupon, we affirm the judgment as to the defendant-appellant Helen Soden.
By appeal No. 68-385 the defendant-appellant Louis Soden seeks reversal of the judgment against him for compensatory damages on the ground and contention that the trial court erred in denying his motion for directed verdict made at the close of the plaintiff's case. In support it is argued that the trial court was in error in holding that as a joint owner of the apartment house Louis Soden was liable for an intentional tort (assault and battery) committed on a tenant by his co-owner.
Treating the Sodens as partners in the operation of their jointly owned apartment house, the liability of one for the acts of the other is founded on the principles of agency. As such, one partner would not be liable for the intentional tort, such as an assault, committed by the other, not within the actual or apparent scope of the agency or common business, unless done at his direction or with his approval, or ratified by him. Weiss v. Jacobson, Fla. 1953, 62 So.2d 904; City of Miami v. Simpson, Fla. 1965, 172 So.2d 435; Vrabel v. Acri, 156 Ohio St. 467, 103 N.E.2d 564, 30 A.L.R.2d 853, and Annot. 30 A.L.R.2d 859 (1952); 68 C.J.S. Partnership § 168, p. 618; Annot. 114 A.L.R. 1033.
The feature of such cases which frequently presents a difficult question as in this case, is whether the intentional tort can be said to have been committed in furtherance of the partners' (or in the case of an employee, the employer's) business, in which event the other partner may be liable, or whether the partner (or employee) stepped aside from his agency or employment and committed the intentional tort for a personal purpose, or for malice toward the victim, for which the other partner would not be liable.
Here the trial judge, on consideration of the motion of Louis Soden for directed *765 verdict and in the jury charge conference stated it to be his view of the evidence that the assault by Mrs. Soden on the aged tenant was not made in furtherance of the business, but from personal jealousy and malice held by Mrs. Soden against the tenant. However, the trial judge stated the question was a close one, and thereupon denied the motion of Louis Soden for directed verdict and presented the cause to the jury. In so proceeding the trial judge was correct, on authority of Weiss v. Jacobson, supra, Fla. 1953, 62 So.2d 904. The record on appeal does not include the charges given by the court to the jury. Therefore we must assume that the jury was not improperly charged on the law applicable to the issues relating to this feature of the case. Accordingly, the judgment against Louis Soden (appeal #68-385) is affirmed.
Affirmed.