238 So.2d 431 (1970)
The WACKENHUT CORPORATION, a Florida Corporation, Appellant,
v.
Carmeline GREENE, Appellee.
No. 69-792.
District Court of Appeal of Florida, Third District.
August 11, 1970.
Rehearing Denied September 3, 1970.
*432 Preddy, Haddad, Kutner & Hardy, Miami, for appellant.
Spence, Payne & Masington, Podhurst & Orseck, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
PER CURIAM.
The Wackenhut Corporation, defendant below, appeals from a final judgment for the plaintiff Carmeline Greene rendered after a jury verdict which awarded her $6,000 for compensatory and $9,000 for punitive damages.
Under Point One the defendant argues that it is not liable for the intentional torts of its employees where the evidence did not show that the tort was directed, authorized, ratified, or approved by it or committed in furtherance of its interest.
Without detailing the myriad of conflicting facts, we find from a review of the record on appeal that this issue was properly submitted to the jury for determination and that there is sufficient, competent and substantial evidence to sustain the jury verdict and final judgment. See Dieas v. Associates Loan Company, Fla. 1957, 99 So.2d 279; Stinson v. Prevatt, 84 Fla. 416, 94 So. 656 (1922); Sixty-Six, Inc. v. Finley, Fla.App. 1969, 224 So.2d 381; Soden v. Starkman, Fla.App. 1969, 218 So.2d 763; Dye v. Reichard, Fla.App. 1966, 183 So.2d 863; N & B Corporation v. Hughes, Fla. App. 1964, 170 So.2d 101; and Columbia By the Sea, Inc. v. Petty, Fla.App. 1963, 157 So.2d 190.
The defendant places great reliance upon M R & R Trucking Company v. Griffin, Fla.App. 1967, 198 So.2d 879. We think it inappropriate for, among other reasons, there was no evidence in that record "tending to prove that the act of the employee resulting in injury to plaintiff was committed in the furtherance of the employer's interest or for its benefit." 198 So.2d at 884.
In this record on appeal there is such evidence, or evidence from which a reasonable inference could be drawn to sustain a finding by the jury that the acts of the employees of this defendant were committed in the furtherance of the employer's interest or for its benefit.
Under Point Two, the defendant argues that it may not be held liable in punitive damages for intentional torts of its employees where it was not shown that the corporate defendant was guilty of conduct constituting a punishable offense.
While we do not agree with the legal question as framed and argued by this point on appeal we find from the record that there is sufficient, competent evidence in the record on appeal to sustain the jury in finding punitive damages for the plaintiff. Although the evidence was conflicting the jury could find, or reasonably infer that the acts of the defendant's employees were committed in furtherance of the defendant employer's business or interest.
*433 Defendant's final point for reversal is directed toward the asserted error of a charge given to the jury by the trial court on the question of its vicarious liability for the intentional torts of its employees.
We do not believe that the defendant properly preserved this point for appeal. See Rule 1.470(b), RCP, 30 F.S.A. Sharpsteen v. Keesler, Fla.App. 1965, 178 So.2d 623; Henningsen v. Smith, Fla.App. 1965, 174 So.2d 85; and Karp v. Hodor, Fla.App. 1964, 166 So.2d 597. Assuming arguendo that the point was properly preserved for consideration on appeal we note that the charge given was similar to charge 3.3b of the Standard Florida Jury Instructions and we find that the instructions as a whole were proper and correct under the facts in issue in this case. Florida Eastcoast Railway Co. v. McKinney, Fla.App. 1969, 227 So.2d 99.
The final judgment herein appealed is accordingly
Affirmed.