595 So.2d 1025 (1992)
Joseph V. CANTO, Jr. et al., Appellants,
v.
J.B. IVEY AND COMPANY, et al., Appellees.
No. 91-539.
District Court of Appeal of Florida, First District.
March 9, 1992.
*1026 Joseph V. Canto, Gainesville, for appellants.
John M. Green, Jr. and Loren E. Levy, of Cone, Green & Kaster, P.A., Ocala, for appellees.
PER CURIAM.
Appellants Joseph V. Canto, Jr., and Samantha C. Canto appeal from a judgment against them in their tort action against appellees, J.B. Ivey and Company ("Ivey") and JoAnn Williams. They claim the verdict form was ambiguous and compelled a verdict against them on counts I and III, alleging false imprisonment, and negligent hiring against Ivey, respectively; that the trial court erred in directing a verdict for appellees on counts II, IV, and V, alleging intentional infliction of emotional distress against Ivey, defamation by employee Williams, and defamation by Ivey based on statements of Williams and employee Kirsten Aalto; and that the trial court erred in holding prior to trial that appellants had not made a proper showing under Section 768.72, Florida Statutes (1989), that they were entitled to punitive damages against the corporate appellee. We affirm on all points.
On November 16, 1986, Joseph Canto, Jr., then eleven years old, and Samantha Canto, then sixteen, went shopping at Ivey's Department Store in Gainesville. After entering the store, they stopped at a display table to look at metallic chain-link belts. A videotape taken by a security camera shows the children stopping at the *1027 display table, handling the jewelry and exchanging conversation while looking around, and Samantha handing something to Joseph, which he placed in his pocket. Williams stopped the children as they were leaving the store and told them she had reason to believe that they had stolen something and to follow her to the security office. The sheriff's report discloses that Williams called the sheriff's office soon thereafter, but that an officer did not arrive for another hour. Another employee, managing agent Kirsten Aalto, arrived at the security office and aided Williams. The children were released by the officer about two hours after they were initially detained by Williams. No merchandise was found on the children.
The children, through their parents, filed a five-count complaint for damages, alleging that Williams and Aalto interrogated the children in an intimidating manner, denied the childrens' requests to use the bathroom and to call their parents, and characterized the children as "delinquents" and "shoplifters." Appellants asked for damages incurred for psychological counseling and treatment of the children after the incident, and punitive damages.
After trial but before jury deliberation, the court directed a verdict against appellants on counts II, IV, and V. The jury rendered a verdict in favor of Ivey on counts I and III.
As to appellants' first argument, regarding the defective jury verdict, Ivey had raised the defense at trial that it was immune from liability for false imprisonment pursuant to Section 812.015, Florida Statutes (1989). Subsection (3)(a) thereof provides:
A law enforcement officer, a merchant, a merchant's employee, or a farmer who has probable cause to believe that retail or farm theft has been committed by a person and that he can recover the property by taking the person into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the person into custody and detain him in a reasonable manner for a reasonable length of time... . In the event the merchant, merchant's employee, or farmer takes the person into custody, a law enforcement officer shall be called to the scene immediately after the person has been taken into custody.
Appellants first claim that the verdict form submitted to the jurors was an improper statement of the law and could have confused them, because it asked whether Ivey employees detained the children "in an unreasonable manner and without probable cause to believe that they had committed retail theft." (Emphasis added.) Appellants contend that liability could be imposed if the merchant's employees failed to comply with any of the requirements of subsection (3), and that the jury should have been asked whether Ivey's employees restrained the children "without probable cause or in an unreasonable manner or for an unreasonable length of time." We disagree that the verdict form's failure to include this language constitutes reversible error.
Section 812.015(5) provides:
A merchant, merchant's employee, or farmer who takes a person into custody, as provided in subsection (3) ... shall not be criminally or civilly liable for false arrest or false imprisonment when the merchant, merchant's employee, or farmer has probable cause to believe that the person committed retail theft or farm theft.
(Emphasis added.) Thus, Ivey could not be liable under count I for false imprisonment if the jury determined there was probable cause for the detention. Hood v. Zayre Corp, 529 So.2d 1197 (Fla. 5th DCA 1988). Although the verdict form should have omitted the phrase "in an unreasonable manner and," we do not consider its inclusion to be reversible error. The judge instructed the jurors that if they found at any time during the detention there was no longer probable cause to detain the children, they should find for the plaintiffs. We consider that this instruction clarified any possible confusion the verdict form may have engendered.
As to appellants' second issue, the Cantos contend the trial court erred in directing *1028 a verdict against them on their claims for intentional infliction of emotional distress and defamation. We agree that the trial court erred in concluding that a corporate employer cannot be held vicariously liable for an intentional act of its employee. Dieas v. Associates Loan Co., 99 So.2d 279, 280-81 (Fla. 1957) (an employer is liable for intentional acts of an employee when the employee is acting within the scope of the employer's apparent authority, even if the employer did not permit or otherwise authorize the act, or it was not necessary or appropriate to serve the interest of the employer). Accord Lay v. Roux Lab., Inc., 379 So.2d 451, 453 (Fla. 1st DCA 1980); Wackenhut Corp. v. Greene, 238 So.2d 431, 432 (Fla. 3d DCA 1970). Notwithstanding the error, we affirm the trial court's decision on other grounds.
Ivey claimed that the conduct of its employees was privileged. A privilege exists as a matter of law to engage in reckless or even outrageous conduct if there is sufficient evidence that shows the defendant "did no more than assert legal rights in a legally permissible way." Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla. 1985). Accord Restatement (Second) of Torts § 46 (1965). Therefore, if the evidence discloses that Ivey's employees acted within their legal rights in detaining the Canto children, then Ivey cannot be vicariously liable for intentional infliction of emotional distress. We find no evidence in the record suggesting that the conduct of either employee even approached the limits of this privilege. The deposition testimony of Kirsten Aalto, which was published to the jury, demonstrates that she viewed the videotape and believed there was probable cause to detain the children; that she knew Williams had called her supervisor, who had told her not to search the children but to call the sheriff's office; that she considered it inappropriate to search the juveniles, and preferred instead to leave that task to a deputy sheriff; and that she accompanied Samantha Canto to the restroom but not inside the stall. This evidence was undisputed. The extent of Joseph's testimony about Aalto was that she had prevented him from using the bathroom. Aalto did no more than exercise her legal right to detain persons whom she had probable cause to suspect of shoplifting.
Insofar as employee Williams' conduct, appellants have not favored us with Williams' trial testimony. Despite an explicit order to appellants directing them to supplement the record with a copy of the complete trial transcript, appellants have failed to supply this court with such transcript, including Williams' testimony. A trial court's final decision is given a presumption of correctness, and the burden is on the appellant to demonstrate that the court's result is not supported by the evidence. "Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternate theory supports it." Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979) (emphasis added). When an appellant raises an issue that requires an examination of factual evidence, but does not include such evidence in the record on appeal, the reviewing court is obviously unable to determine whether such evidence demonstrates reversible error. Because appellants have failed to provide an adequate record to permit this court to determine whether the trial court's directed verdict was erroneous, we affirm the judgment entered on the directed verdict against appellants as to count II.
Regarding counts IV and V, pertaining to the tort of defamation, Joseph Canto testified that Aalto and Williams referred to him as a "shoplifter." Nevertheless, a communication is privileged, even though defamatory, "when made in good faith upon any subject in which the party communicating has an interest, or in reference to which he has a right or duty, and made upon an occasion to properly serve such right, interest, or duty." Chapman v. Furlough, 334 So.2d 293, 295 (Fla. 1st DCA 1976). This privilege can be overcome only if the plaintiff shows the defendant was motivated by malice, defined as ill will and a desire to harm the plaintiff. Nodar v. Galbreath, 462 So.2d 803, 811 *1029 (Fla. 1984). Aalto's deposition testimony indicates that she was acting in good faith in detaining the children, and any allegedly defamatory references to the children were made while she was fulfilling her duties as managing agent on the evening in question. There is not a scintilla of evidence which would point to any ill will on the part of Aalto or a desire to harm the children. Again, because appellants have not provided this court with a transcript of Williams' testimony, we have insufficient evidence from which to conclude that the trial court erred in determining that Williams' statements during the incident were privileged. Applegate. We affirm the directed verdict entered against appellants on counts IV and V.
We find no merit to appellants' third issue, in which they claim the trial court erred in dismissing their claim for punitive damages six successive times following six successive motions. Regardless of the trial court's dispositions of the previous motions, we note that the judge instructed the jury that it could award punitive damages, and the verdict form permitted the jury to return such an award. We decline appellants' apparent invitation to this court to render an advisory opinion on this issue.
AFFIRMED.
ERVIN, WIGGINTON and WOLF, JJ., concur.