PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions (Civil) recommends that The Florida Bar be authorized to publish as an addition to Florida Standard Jury Instructions (Civil) a new instruction entitled “Outrageous Conduct Causing Severe Emotional Distress.”
The Committee points out that this instruction is offered in response to a request from a member of The Florida Bar and in recognition of a number of decisions of this Court and Florida’s district courts of appeal. The Committee began consideration of the instruction in February 1992. A proposed version was published in The Florida Bar News on April 30, 1994, and received one comment. The instruction and comment were reconsidered by the Committee at a meeting in July 1994.
We commend the Committee for its efforts and authorize the publication and use of SJI MI 10. In doing so, we express no opinion on the correctness of this instruction and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instruction. The new instruction is appended to this opinion and will be effective the date this opinion is filed.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
MI 10
OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS

a.Issues on claim:

The issues for your determination on the claim of (claimant) against (defendant) for infliction of severe emotional distress are:
(a)whether (defendant) engaged in extreme and outrageous conduct;
(b) whether (defendant) acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress;
(c) whether (claimant) suffered severe emotional distress and, if so,
(d) whether (defendant’s) conduct was a legal cause of (claimant’s) severe emotional distress. Extreme and outrageous conduct is a legal cause of severe emotional distress if it directly and in natural and continuous sequence produces or contributes substantially to producing such severe emotional distress.

b. Extreme and outrageous conduct:

Extreme and outrageous conduct is behavior which, under the circumstances, goes beyond all possible bounds of decency and is regarded as shocking, atrocious, and utterly intolerable in a civilized community.
c. Severe emotional distress:
Emotional distress is severe when it is of such intensity or duration that no ordinary person should be expected to endure it.

A special instruction may be waiTanted when the evidence shows the defendant knew of the claimant’s heightened susceptibility to emotional distress.

d. Burden of proof on claim:

If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant), [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense raised by (defendant) ]. [If the greater weight of the evidence supports the defense, your verdict should be for the (defendant). However, if the greater weight of the evidence does not support the defense, your verdict should be for the (claimant) and against the (defendant).]

e. Greater weight of the evidence:

“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the ease.

*1001
f. Damages:

If you find for the (defendant), you will not consider the matter of damages. But if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for such [loss] [injury] [or] [damage] as the greater weight of the evidence shows was caused by the behavior. If you find for (claimant), you shall consider the following elements of damage:

Mental anguish:

Any injury to health and any mental anguish experienced in the past [or to be experienced in the future]. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in light of the evidence.

Aggravation or activation of disease or defect:

Any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such behavior. If you find that there was such an aggravation, you should determine, if you can, what portion of (claimant’s) condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the behavior, you should consider and make allowance in your verdict for the entire condition.

Medical expenses:

The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) in the past [or to be so obtained in the future].

Lost earnings, lost time, lost earning capacity:

When lost earnings or lost ivorking time shown:

[Any earnings] [Any working time] lost in the past [and any loss of ability to earn money in the future].

When earnings or lost working time not shown:

Any loss of ability to earn money sustained in the past [and any such loss in the future].

Reduction to present value:

Any amounts which you allow in damages for [loss of ability to earn money in the future] [or] [ (describe any other future economic loss subject to reduction to present value) ] should be reduced to their present money value [and only the present money value of such amounts should be included in your verdict] [and you should state in the verdict form provided to you both the total of such future damages and their present value].

Punitive damages:

If you find for (claimant), you may consider whether in the circumstances of the case it is appropriate to award punitive damages, in addition to compensatory damages, as punishment and as a deterrent to others.
You may in your discretion decline to award punitive damages. If you find that punitive damages should be assessed against [the] [any] defendant, then in fixing the amount of such damages, you should consider the nature, extent and degree of misconduct and the related circumstances [including the financial resources of such defendant]. [You may assess punitive damages against one defendant and not the other(s) or against more than one defendant in different amounts.]

See 6.12 b and c for attributed liability and vicarious liability.

Comments

The tort of “intentional infliction of emotional distress” is recognized in Florida. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). The boundaries of this tort, particularly where the claimant is a third party affected by conduct occurring between the defendant and another person, are not clearly defined. Metropolitan Life Ins. Co. v. McCarson; Williams v. City of Minneola, 576 So.2d 683 (Fla. 5th DCA), review denied, 589 So.2d 289 (Fla.1991); M.M. v. M.P.S., 556 So.2d 1140 (Fla. 3d DCA 1989), review denied, 569 So.2d 1279 (Fla. *1002 1990); Ford Motor Credit Co. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA), cert. dismissed, 379 So.2d 204 (Fla.1979); Restatement (Second) of Torts, § 46 (1965).
The Restatement and case law discuss the defense of “privilege.” See McCarson; Baker v. Florida Nat’l Bank, 559 So.2d 284 (Fla. 4th DCA), review denied, 570 So.2d 1303 (Fla.1990); Restatement, § 46, cmt. g. In addition to banks and insurers, merchants have asserted the defense. In Southland Corp. v. Bartsch, 522 So.2d 1053, 1056 (Fla. 5th DCA), review dismissed, 531 So.2d 167 (Fla.1988), the court held that a convenience store manager’s conduct (having a six-year-old child arrested for stealing gum) was no more than an assertion of the store’s rights in a legally permissible way, and was privileged “as a matter of law.” In Canto v. J.B. Ivey and Co., 595 So.2d 1025, 1028 (Fla. 1st DCA 1992), two children were detained by a merchant who suspected them of shoplifting; citing McCarson and the Restatement of Torts, the court found “no evidence in the record suggesting that the conduct of either employee even approached the limits of this privilege.” See also Mallock v. Southern Memorial Park, Inc., 561 So.2d 330 (Fla. 3d DCA 1990).
Pending further development of Florida law, the committee has not submitted a standard instruction concerning any defense.