Victoria C. HENDERSON, Plaintiff,

v.

HOVNANIAN ENTERPRISES, INC., a New Jersey corporation, d/b/a. K. Hovnanian Companies of Florida, Inc., a Florida corporation, and Eastern National Title Insurance Agency, Inc., a Florida corporation, Defendants.

No. 94–8212–CIV.

United States District Court, S.D. Florida.

April 18, 1995.

Don Orlovsky, West Palm Beach, FL, Harriet Lewis, Hollywood, FL, for plaintiff.

Richard C. McCrea, Tampa, FL, for defendant.

***ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S STATE EQUAL PAY ACT CLAIM and DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S PROMOTION CLAIMS and DISMISSING WITHOUT PREJUDICE PLAINTIFF'S PROMOTION CLAIMS and GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S FLA.STAT. § 760.10 CLAIM FOR COMPENSATORY AND PUNITIVE DAMAGES and GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS***

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before this Court upon Defendant's Motion for Partial Summary Judgment as to Plaintiff's State Equal Pay Act Claim, filed on January 27, 1995; upon Defendant's Motion for Partial Summary Judgment as to Plaintiff's Promotion Claims, filed on February 7, 1995; upon Defendant's Motion for Partial Summary Judgment as to Plaintiff's Fla.Stat. § 760.10 Claim for Compensatory and Punitive Damages, filed on February 13, 1995; and upon Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claim for Intentional Infliction of Emotional Distress, filed on March 15, 1995. By Order of this Court, Plaintiff filed responses to the first three motions on March 21, 1995. Plaintiff filed a response to the last motion on March 27, 1995.

### I.  Factual Background

Plaintiff was employed as General Manager at Defendant Eastern National Title Insurance Agency. Plaintiff has brought suit alleging employment discrimination on the basis of gender, in violation of state and federal law. Specifically, Plaintiff alleges that Defendants have paid her less than male co-workers for equal work requiring equal skill, effort and responsibility. Plaintiff further alleges that Defendants have denied her many of the benefits and privileges afforded other male managers.

### II.  Legal Standard

Summary judgment is appropriate only where it is shown that no genuine dispute as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In ruling on the moving party's motion, the court must view the evidence in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In so doing, the court "should 'resolve all reasonable doubts about the facts in favor of the non-movant' and draw 'all justifiable inferences ... in his favor.'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir.1991) (alteration in original) (citation omitted).

Initially, the moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (1993), *reh'g denied*, 16 F.3d 1233 (11th Cir.1994). To meet this burden, the non-moving party must go beyond the pleadings. If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the Court should refuse to grant summary judgment. *Id.* However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### III.  Analysis

The Court examines each motion for partial summary judgment in turn.

## A.  State Equal Pay Act Claim

■ Defendants argue that they are entitled to partial summary judgment as to Plaintiff's State Equal Pay Act claim in Count II because Plaintiff's job responsibilities included "interstate commerce" activities that trigger the federal Fair Labor Standards Act ("FLSA"), which in turn preempts Plaintiff's claim under Fla.Stat. § 448.07.

By its own terms, the provisions of Fla. Stat. § 448.07 do not apply to entities governed by the federal Fair Labor Standards Act.[1]  The FLSA applies to each employee "who in any work week is engaged in commerce or in the production of goods for commerce ..." 29 U.S.C. § 206(a).  Defendants contend that the record contains unrefuted evidence that Plaintiff "engaged in commerce" within the meaning of the FLSA.

Plaintiff argues that she performed title work for Defendants' land acquisitions in Florida only and therefore, her job activities do not constitute interstate commerce for purposes of the FLSA.  However, the United States Supreme Court has held that courts should construe the terms of the FLSA liberally.  *Mitchell v. Lublin, McGaughy & Associates,* 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959).  The Supreme Court has also held that title insurance service constitutes part of interstate transactions even when title examinations are performed wholly intrastate.  *See Goldfarb v. Virginia State Bar,* 421 U.S. 773, 784–86, 95 S.Ct. 2004, 2011–13, 44 L.Ed.2d 572 (1975).  Moreover, Plaintiff's deposition testimony reveals that she and other employees interacted and conducted business on a regular and recurring basis with buyers, builders, lenders, realtors, financial and insurance institutions, surveyors, and title companies, some of which were located outside the state of Florida.  Plaintiff does not point to any part of the record that shows a disputed fact on this issue.  In light of *Goldfarb* and the broad construction of the term interstate commerce, the Court finds that Plaintiff is governed by the FLSA.

The Court thus finds that partial summary judgment for Defendants is appropriate on Plaintiff's state Equal Pay Act claim.

## B.  Promotion Claims

■ Defendants argue that they are entitled to partial summary judgment on the promotion claims in Counts III and IV because Plaintiff failed to exhaust her administrative remedies.  Count III is a claim for violation of 42 U.S.C. § 2000e and Count IV is a claim for violation of Fla.Stat. § 760.10.

In the instant motion, Defendants do not argue that summary disposition is appropriate as to Plaintiff's state and federal promotion claims because there are no genuine issues of material fact.  Rather, Defendants argue that Plaintiff failed to exhaust administrative remedies with regard to her Title VII claim of failure to promote and that her Title VII and Fla.Stat. § 760.10 claims are time-barred.  Plaintiff responds that granting partial summary judgment "would confuse the status of the pleadings," but fails to carry her evidentiary burden because she does not point to that part of the record that raises a disputed issue of material fact.

■ Moreover, in a civil action, a Title VII complaint may encompass only discrimination like or related to allegations contained in the EEOC charge.  *Mulhall v. Advance Security Inc.,* 19 F.3d 586, 589 n. 8 (11th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994).  Exhaustion of administrative remedies is a condition precedent with which Title VII plaintiffs must comply.  *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).  Fla.Stat. § 760.10(10) requires that a plaintiff file a charge within 180 days of any alleged violation.[2]

---

1.  "Nothing in this section ... relating to discrimination based on sex in providing equal pay for equal services performed, is applicable to any employer, labor organization or member thereof, or employee whose employer is subject to the federal Fair Labor Standards Act of 1938, as amended."  Fla.Stat. 448.07(4) (footnote omitted).

2.  Fla.Stat. § 760.11((1) extends the time for filing to 365 days, but this provision applies only to conduct occurring on or after October 1, 1992. 1992 Fla.Laws ch. 92–177, § 13.

It is undisputed that Plaintiff's EEOC charge does not refer to discriminatory denials of promotion. Plaintiff also does not dispute Defendant's contention that her Fla. Stat. § 760.10 promotion claim is time-barred. Accordingly, dismissal of Plaintiff's claims for discriminatory denial of promotion in Counts III and IV is appropriate.

### C. Fla.Stat. § 760.10 Claim

■ Defendants argue that they are entitled to partial summary judgment as to Plaintiff's prayers for compensatory and punitive damages under Fla.Stat. § 760.10 in Count IV because the conduct complained of occurred before the effective date of Fla.Stat. § 760.10.

Defendants further argue that the Florida Civil Rights Act's provisions for compensatory and punitive damages only apply prospectively to conduct that occurred on or after October 1, 1992.[3] Defendants thus contend that Plaintiff's claim for compensatory and punitive damages under Fla.Stat. §§ 760.10 and 760.11 cannot be based on any allegedly discriminatory conduct that occurred prior to October 1, 1992. Plaintiff responds that discriminatory acts took place over a period of six years and that the discriminatory acts that form the basis of her § 760.10 claim occurred after the October 1, 1992 effective date of the amendment.[4]

The Florida Legislature clearly indicated that the § 760.11 provisions for compensatory and punitive damages are applicable only prospectively: "This act applies only to conduct occurring on or after October 1, 1992." 1992 Fla.Laws ch. 92–177, § 13. The Court thus finds that as a matter of law, Plaintiff's claim for compensatory and punitive damages under Fla.Stat. § 760.10 and 760.11 can be based only upon conduct that occurred on or after October 1, 1992.

### D. Intentional Infliction of Emotional Distress Claim

■ Defendant moves for partial summary judgment on Plaintiff's Count V claim for intentional infliction of emotional distress. Defendant argues that the evidence does not show that as a matter of law, Defendants' conduct was so outrageous as to constitute the intentional infliction of emotional distress.

■ In *Metropolitan Life Ins. Co. v. McCarson*, the Florida Supreme Court adopted the Restatement (Second) of Torts definition of the intentional infliction of emotional distress. 467 So.2d 277 (Fla.1985). Liability attaches only where

the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible grounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.* at 278–79 (*citing* Restatement (Second) of Torts, § 46 (1965)). It is insufficient for liability that the defendant have acted with tortious or even criminal intent. *Id.* at 278.

■ A plaintiff must also establish that she suffered severe emotional distress as a result of defendant's outrageous conduct. Emotional distress is severe when it is "of such intensity or duration that no ordinary person should be expected to endure it." *In re Standard Jury Instructions—Civil Cases No. 94–1*, 645 So.2d 999, 1000 (Fla. 1994) (per curiam).

As a matter of law, the Court examines whether the Defendants' conduct was so outrageous and extreme to sustain a claim for the intentional infliction of emotional distress. Defendants rely on Plaintiff's deposition to show that there is no genuine issue of material fact that would preclude summary judgment on this claim. Defendants argue that the alleged failures to pay compensation and benefits, to promote Plaintiff or post job openings, and to treat Plaintiff in a professional manner does not constitute behavior

---

**3.** The Court assumes Defendants' citation to the Laws of Florida contains a scrivener's error. *See* Def. Motion at 4.

**4.** Plaintiff's response cites an exhibit in support of this contention. However, no such exhibit was attached to the pleading filed with the Court.

that exceeds the bounds of decency in a civilized society.

The Court agrees. Defendants' conduct simply does not rise to the level of behavior that is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metropolitan Life,* 467 So.2d at 278–79.

Moreover, Plaintiff has failed to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913 (1993), *reh'g denied,* 16 F.3d 1233 (11th Cir.1994). To meet this burden, the non-moving party must go beyond the pleadings. In the instant case, however, Plaintiff has argued only that Defendants failed to adequately inquire about the basis for Plaintiff's intentional infliction of emotional distress claim such that Defendants "seek to deprive Mrs. Henderson of the opportunity to offer evidence in support of her claim." Plaintiff Resp. at 13. However, Plaintiff has not offered any evidence whatsoever in support of her claim. Put another way, there is no evidence upon which a reasonable jury could return a verdict in favor of Plaintiff.

The Court finds that Plaintiff has failed to carry her evidentiary burden to defeat Defendants' motion for summary judgment on the claim for intentional infliction of emotional distress.

### IV. Conclusion

In light of the foregoing and for the reasons stated above, the only remaining claims to be resolved in the instant case are the federal Equal Pay Act claim in Count I, the Title VII terms of employment claim in Count III and the Fla.Stat. § 760.10 claim in Count IV.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion for Partial Summary Judgment as to Plaintiff's State Equal Pay Act Claim be, and the same is hereby, GRANTED. It is

FURTHER ORDERED and ADJUDGED that Defendant's Motion for Partial Summary Judgment as to Plaintiff's Promotion Claims be, and the same is hereby, DENIED. Plaintiff's Promotion claims are hereby DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED and ADJUDGED that Defendant's Motion for Partial Summary Judgment as to Plaintiff's Fla.Stat. § 760.10 Claim for Compensatory and Punitive Damages be, and the same is hereby, GRANTED IN PART. Plaintiff's claim for compensatory and punitive damages under Fla.Stat. §§ 760.10 and 760.11 can be based only upon conduct that occurred on or after October 1, 1992. It is

FURTHER ORDERED and ADJUDGED that Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claim for Intentional Infliction of Emotional Distress be, and the same is hereby, GRANTED.